854 F.Supp. 595 (1994)
UNITED STATES of America, Petitioner,
v.
Richard H. SINDEL and Sindel & Sindel, P.C., Respondents.
No. 4:94MC10-DJS.
United States District Court, E.D. Missouri, Eastern Division.
May 13, 1994.
*596 Madeleine B. Cole, Office of U.S. Atty., St. Louis, MO, Rachel D. Cramer, U.S. Dept. of Justice, Office of Sp. Litigation, Tax Div., Washington, DC, for U.S.
Bernard Edelman, St. Louis, MO, for John Doe, Jane Doe.
Charles E. Atwell, Ronald D. Lee, Cheryl A. Pilate, Wyrsch and Atwell, Kansas City, MO, for Richard H. Sindel, Sindel & Sindel, P.C.

ORDER
STOHR, District Judge.
This matter is before the Court on the United States' motion to enforce an Internal Revenue Service ("IRS") summons which seeks to discover the identity of certain clients of respondents. An evidentiary hearing was held before the Court on April 1, 1994, at which time the parties were granted time within which to file supplemental briefs, and the matter was taken under advisement.
The factual background of the case is simple and essentially uncontroverted. Respondent Richard H. Sindel ("Sindel"), acting on behalf of respondent Sindel & Sindel, P.C. ("the firm") filed four incomplete IRS Forms 8300, which are forms used to report any cash transactions in excess of $10,000. Those four forms were withdrawn and replaced with two forms at the request of the IRS. The two forms ultimately filed were incomplete because "they failed to disclose the name, address, and tax identification number of the payor and other information required to be reported." Ptf. Petition, ¶ 7. The forms did indicate that the payments were received and the cash amount of those payments. The sole question presented here is whether respondents are excused from compliance with federal statutes requiring disclosure of the other requested information due to Sindel's status as an attorney. Respondents argue that the federal law compelling such disclosure violates their clients' Sixth Amendment right to counsel, Fifth Amendment right against self-incrimination, and First Amendment right to due process of law. The respondents also assert that their ethical obligation to maintain their clients' identities in confidence, as prescribed in Rule 1.6 of the Model Rules of Professional Conduct, directly conflicts with their legal obligation with respect to IRS Form 8300. See Def. Memorandum in Opposition to Enforcement, pp. 1-2.
As a part of The Deficit Reduction Act of 1984, Pub.L. 98-369, 98 Stat. 494, Congress enacted 26 U.S.C. § 6050I. Title 26 U.S.C. § 6050I provides in relevant part:
(a) Cash receipts of more than $10,000.  Any person 
(1) who is engaged in a trade or business, and
(2) who, in the course of such trade or business, receives more than $10,000 in *597 cash in 1 transaction (or 2 or more related transactions), shall make the return described in subsection (b) with respect to such transaction (or related transactions) at such time as the Secretary may by regulations prescribe.
(b) Form and manner of returns.  A return is described in this subsection if such return 
(1) is in such form as the [IRS] may prescribe,
(2) contains 
(A) the name, address, and [social security or tax identification number] of the person from whom the cash was received,
(B) the amount of the cash received,
(C) the date and nature of the transaction, and
(D) such other information as the [IRS] may prescribe.
26 U.S.C. § 6050I. Pursuant to that statute, the IRS promulgated Form 8300, which is divided into three parts. Part I requires disclosure of information identifying the individual from whom the cash payment was received. Part II requires disclosure, if applicable, of facts identifying an agent conducting the cash transaction on behalf of the individual identified in Part I.[1] Part III requires disclosure of the nature of the transaction.
Neither 26 U.S.C. § 6050I nor the regulations promulgated under that statute contain any specific exemption for attorneys. In fact, the American Bar Association and other bar associations lobbied Congress in an effort to obtain a specific exemption for attorneys from this reporting requirement. See United States v. Goldberger & Dubin, P.C., 935 F.2d 501, 503 (2d Cir.1991). They were unsuccessful; thus the Court presumes that Congress considered such an exemption and specifically rejected it. Id. Further, the IRS regulations implementing the statute include an attorney's representation of a criminal defendant as one of the transactions which falls within the scope of the statute. See 26 C.F.R. § 1.6050I-1(c)(7)(iii) (Example (2)).
In addition, the two appellate decisions which have addressed the issue directly have both concluded that an attorney who receives substantial cash payments is not privileged to withhold the identity of his client. In United States v. Leventhal, 961 F.2d 936 (11th Cir. 1992), and United States v. Goldberger & Dubin, P.C., 935 F.2d 501 (2d Cir.1991), the Eleventh and Second Circuits explicitly rejected constitutional and confidentiality arguments similar to those raised here by respondents. In fact, respondents do not attempt to distinguish these cases and acknowledge that they are pursuing a difficult course in opposing the IRS summons. Def. Memorandum in Opposition to Enforcement, p. 11.
Further, in In re Grand Jury Subpoenas (United States v. Anderson), 906 F.2d 1485 (10th Cir.1990), the Tenth Circuit affirmed a district court order finding an attorney in contempt for failing to identify the source of his fees in the face of a grand jury subpoena, notwithstanding the fact that the clients were already under indictment for various drug trafficking offenses. In upholding the contempt finding, the Court of Appeals stated that "[i]t is well recognized in every circuit ... that the identity of an attorney's client and the source of payment for legal fees are not normally protected by the attorney-client privilege." Id. at 1488.
Respondents note that the issue presented here is one of first impression in this circuit. However, in light of the cases contrary to respondents' position and the absence of any cases which might support their position, this Court reaches the same conclusion as the Eleventh and Second Circuits: respondents must comply with the summons. While the *598 Court may share respondents' concern for their ethical obligation, this is a matter suited for Congressional action, not judicial action. To the extent the federal courts have spoken on this issue, there is only one possible result: the summons must be enforced.
In resisting the prevailing tide of judicial decisions in this area, respondents contend that the Goldberger & Dubin, P.C. and R.A. Leventhal decisions left open the possibility that there may be "special circumstances" which would excuse the filing of a Form 8300. In support of their "special circumstances" argument, respondents seek to invoke the "last-link" doctrine as set forth by the Eleventh Circuit in In re Grand Jury Proceedings 88-9 (MIA), 899 F.2d 1039, 1042-43 (11th Cir.1990). In addition, respondents requested an in camera hearing, outside the presence of the government, in order to demonstrate the "special circumstances" which might excuse their failure to complete the required forms. Over the government's objection, the Court granted the request and conducted the hearing. However, those proceedings ultimately have no bearing on the outcome here because, for the reasons noted below, the Court finds that the last-link doctrine is inapplicable.
The last link doctrine is a "narrow exception," which, "[i]n essence ... extends the protection of the attorney-client privilege to nonprivileged information," thereby protecting other attorney-client communications that are privileged where "the incriminating nature of the privileged communications has created in the client a reasonable expectation that the information would be kept confidential." Id. at 1043 (quoting Rabin v. United States, 896 F.2d 1267, 1273 (11th Cir.), dismissed on other grounds, 904 F.2d 1498 (1990)). However, the Eleventh Circuit has noted that expansion of the crime-fraud exception to the attorney-client privilege has threatened the continued viability of the last link doctrine. See Rabin, 896 F.2d at 1279 (Tjoflat, C.J., concurring). Further, notwithstanding the questionable vitality of the last link doctrine, respondents have not directed this Court to any case which might suggest the Eighth Circuit's acceptance of the doctrine. Finally, the mere fact that respondents' clients sought out legal advice is not in itself incriminating and does not create an expectancy of confidentiality. Cf. R.A. Leventhal, 961 F.2d at 941.
The Court also notes that respondents' Fifth Amendment argument has consistently been rejected by numerous courts in cases under the Bank Secrecy Act. See, e.g., United States v. Miller, 425 U.S. 435, 444, 96 S.Ct. 1619, 1624-25, 48 L.Ed.2d 71 (1976); California Bankers Ass'n v. Shultz, 416 U.S. 21, 45-49, 94 S.Ct. 1494, 1509-11, 39 L.Ed.2d 812 (1974). Respondents' Sixth Amendment argument is similarly without merit. In reiterating the essential elements of the Sixth Amendment right to counsel, the Supreme Court stated:
We have further recognized that the purpose of providing assistance of counsel "is simply to ensure that criminal defendants receive a fair trial," Strickland v. Washington, 466 U.S. 668, 689 [104 S.Ct. 2052, 2065, 80 L.Ed.2d 674] (1984), and that in evaluating Sixth Amendment claims, "the appropriate inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer as such." United States v. Cronic, 466 U.S. 648, 657, n. 21 [104 S.Ct. 2039, 2046, n. 21, 80 L.Ed.2d 657] (1984). Thus, while the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers. See Morris v. Slappy, 461 U.S. 1, 13-14 [103 S.Ct. 1610, 1617-1618, 75 L.Ed.2d 610] (1983); Jones v. Barnes, 463 U.S. 745 [103 S.Ct. 3308, 77 L.Ed.2d 987] (1983).
Wheat v. United States, 486 U.S. 153, 159, 108 S.Ct. 1692, 1697, 100 L.Ed.2d 140 (1988). Section 6050I falls far short of prohibiting would-be clients from engaging the services of an attorney. Concededly it may restrict the method of compensating that attorney, but it does not prevent a would-be client *599 from, for example, bartering with an attorney for services. This is simply not a restriction of the would-be client's Sixth Amendment rights. See Goldberger & Dubin, P.C., 935 F.2d at 504; cf. Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989).
This Court also rejects respondents' contention that the required disclosures under § 6050I conflicts with the attorney-client privilege. That doctrine protects only those disclosures that are necessary to obtain informed legal advice and that would not be made without the privilege. Fisher v. United States, 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976). The privilege cannot stand in the face of countervailing law or strong public policy and should be strictly confined within the narrowest possible limits underlying its purpose. See Goldberger & Dubin, P.C., 935 F.2d at 504; In re Grand Jury Subpoena Duces Tecum Served Upon Gerald L. Shargel, 742 F.2d 61, 62 (2d Cir.1984); VIII Wigmore on Evidence § 2192 at 67 (3d ed.). Applying these principles to the facts of this case, there is simply no basis upon which to permit respondents to withhold the information requested in Form 8300.
Finally, the Court notes that respondents have questioned the enforceability of the summons on the grounds that the IRS has failed to make the requisite showing necessary for enforcement and because the IRS has "not complied with the administrative and other legal requirements for the issuance of the internal revenue summons." Def. Memorandum in Opposition to Enforcement, pp. 36-41. To obtain enforcement of a summons issued in the course of an IRS investigation, the IRS must be able to demonstrate, first, that the investigation will be conducted pursuant to a legitimate purpose; second, that the inquiry will be relevant to that purpose; third, that the information sought is not already in the IRS' possession; and fourth, that the IRS has taken the administrative steps necessary to the issuance of the summons. United States v. Powell, 379 U.S. 48, 57-59, 85 S.Ct. 248, 254-55, 13 L.Ed.2d 112 (1964). The IRS may satisfy this burden merely by presenting an affidavit that attests to these facts sworn to by an officer or agent who issued the summons. See, e.g., R.A. Leventhal, 961 F.2d at 939-40. If the IRS makes this showing, the burden shifts to the respondent either to disprove one of the four Powell factors or to demonstrate that enforcement of the summons would constitute an abuse of the Court's discretion. Id. The IRS has filed the required affidavit and thus the burden is now on respondent to challenge its validity or existence of the four Powell factors.
Respondents fail to meet that burden here. The evidence reveals that the IRS is merely seeking to obtain information which is required by law to appear on Form 8300. The evidence contained in the affidavit persuades the Court that the investigation is legitimate, that the inquiry is relevant, and that the information sought is not already in the IRS' possession. Further the IRS has taken proper administrative steps toward the issuance of the summons, without any intent to harass respondents.
For all the foregoing reasons,
IT IS HEREBY ORDERED that the petitioner's motion to enforce the IRS summons is granted.
IT IS FURTHER ORDERED that the Internal Revenue Service summons served on respondents on November 22, 1992 is to be enforced and respondents are to appear before Revenue Agent Richard C. Kwentus at a mutually agreeable time and place, but in no event more than thirty (30) days from the date of this judgment, to provide the materials requested in the original summons.
NOTES
[1] Parts I and II require the recipient of the cash payment to disclose all of the following facts, pertaining to both the individual from whom the cash is received and the person who actually effects the transaction: the individual's name, social security number, passport number and country of issuance, and alien registration number; the organization with which the individual is affiliated; the organization's tax identification number; the organization's business or occupation; and an address for either the individual or the organization. See IRS Form 8300.